United States District Court
Southern District of Texas
**ENTERED**
June 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEEPA KRISHNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3423 |
| | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, PA., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This action arises from denial of Plaintiff Deepa Krishna's ("Plaintiff" or "Krishna") application for benefits from the Honeywell International, Inc. Benefit Plan ("Plan"), an employee welfare benefit plan maintained by her husband's employer, Honeywell International, Inc. ("Honeywell"), and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The Plan included Business Travel Accident ("BTA") insurance provided by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "National"). Pending before the court is Defendant National Union Fire Insurance Company of Pittsburgh, PA's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 12), and Plaintiff's Motion for Judgment Under Rule 52 and Memorandum in Support ("Plaintiff's Motion for Judgment") (Docket Entry No. 13). Both parties seek judgment based on the Administrative Record ("AR"), which was

1

jointly filed on February 15, 2023 (Docket Entry No. 11).  For the reasons stated below, Defendant's MSJ will be granted and Plaintiff's Motion for Judgment will be denied.

## I. **Factual and Procedural Background**

### A.  **Undisputed Facts**

Krishna is the widow of Karthik Balakrishnan ("Decedent"), who was hired by Honeywell in August of 2019 as Senior Strategic Marketing Manager based in Morristown, New Jersey.[1]  Decedent was a member of the Plan who had BTA insurance coverage valued at five times his base salary of $198,000.00 for a total amount of $990,000.00.[2]  In March of 2020 Honeywell buildings in Morristown, New Jersey closed because of the pandemic, and Decedent's work became remote.[3]  Because of the pandemic Honeywell stopped all non-essential business travel.[4]  On Sunday, October 25, 2020, Decedent died when the small private airplane in which he was a passenger crashed shortly after takeoff in Texas.[5]  Honeywell neither owned

---

[1]Plaintiff's Motion for Judgment, Docket Entry No. 13, p. 2. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id. (citing AR, Docket Entry No. 11, pp. 151 and 422).

[3]Id. at 3 (citing AR, Docket Entry No. 11, pp. 368-69).

[4]AR, Docket Entry No. 11, p. 49.

[5]Plaintiff's Motion for Judgment, Docket Entry No. 13, p. 3 (citing AR, Docket Entry No. 11, pp. 368-69).

the airplane nor employed the pilot.[6]  Decedent was survived by a four-year old daughter and by Plaintiff, who was Decedent's spouse and is his beneficiary under the Plan.[7]

On February 5, 2021, Plaintiff contacted AIG Travel, Global Assistance Team, requesting information about benefits and coverage for BTA insurance from the Plan stating that Decedent "passed away during a business trip in Texas . . . and [that he] had been working in Texas long term during Covid."[8]  AIG Claims, Inc. is Defendant's authorized claims administrator.[9]  When asked whether Decedent died on a business trip, Honeywell replied that Decedent was not on a business trip when he died, and that Decedent had no approved business travel in 2020.[10]  On April 19, 2021, Plaintiff's application for BTA insurance benefits was denied.  In pertinent part the denial letter stated that

---

[6]Id. (citing AR, Docket Entry No. 11, pp. 421-22).

[7]Complaint, Docket Entry No. 1, pp. 2-3.

[8]AR, Docket Entry No. 11, p. 2.  See also id. at 4-16 (describing initiation of Plaintiff's claim for BTA insurance benefits).

[9]See Communications from AIG at various pages throughout the AR stating that "This correspondence is sent by AIG Claims, Inc. as authorized claims administrator for National," including the first page of the AR, first and last pages of the letter denying Plaintiff's initial application for benefits, id. at 166 and 169, and both pages of the letter denying Plaintiff's appeal, id. at 426-427.

[10]Id. at 18, 23-24 (February 9, 2021), and 48-49 (March 29, 2021).

> [W]e must decline payment of this claim as your husband's
> death did not result from a covered hazard. He was not
> on a business trip at the time of loss per his employer.
> His death was reportedly due to being a passenger on a
> private plane which crashed. Therefore, the loss is not
> covered. The loss is also excluded from coverage. His
> death resulted from travel in a vehicle used for aerial
> navigation which was not a Honeywell aircraft nor was it
> piloted by a Honeywell pilot, so the loss is specifically
> excluded from coverage under the policy.[11]

On April 15, 2022, Plaintiff appealed the denial of her claim, stating in pertinent part: "Your denial is incorrect. My husband was away on a business trip working on Honeywell's business in Longview, Texas when he died in the plane crash accident. . . His work assignment included travel to Texas as needed."[12]

On May 24, 2022, Plaintiff's appeal was assigned to Pamela McConnell, who, on June 27, 2022, advised Plaintiff that the ERISA Appeals Committee was reviewing her claim.[13] On August 25 and September 1, 2022, AIG's Assistant General Counsel, Joseph Burruano, asked that a complete copy of the claim file be sent to the Wagner Law Group who would serve as ERISA Appeals Committee.[14] On November 1, 2022, Plaintiff's appeal was denied. In pertinent part the denial letter stated that

> [t]he ERISA Appeal Committee (the "Committee") of
> National Union Fire Insurance Company of Pittsburgh, Pa
> (the "Company") has completed its review of the above
> referenced claim, which concerns accidental death

---

[11]Id. at 167.

[12]Id. at 368. See also id. at 368-88 (entire appeal).

[13]Id. at 389.

[14]Id. at 406-07.

4

benefits for Deepa Krishna related to the death of Karthik Balakrishnan. After careful review of the claim, the appeal letter and supporting documents submitted by Ms. Krishna, and the information provided by Honeywell International ("Honeywell"), the Committee has determined that the requested benefits are not payable under the policy. The Committee's decision is based on a full review of the entire administrative record, including pertinent policy provisions.

. . .

In your appeal submission, you seek reversal of the original denial of the claim. We have reviewed the information contained in your appeal submission and find that it does not support a reversal of the original denial. As noted above, Honeywell has confirmed that Mr. Balakrishnan was not on a business trip for Honeywell at the time of the accident and the claim file reflects that he was not traveling on an aircraft owned, leased, or operated by Honeywell.

The policy provides coverage of several Hazards that could be implicated by a death during business travel or as a result of travel on a designated Honeywell aircraft. However, without foreclosing the possibility that other terms of coverage under such Hazards may not be satisfied, the fact that Mr. Balakrishnan was not on an authorized business trip for Honeywell or in a designated aircraft owned or operated by Honeywell at the time of the accident precludes coverage under the terms of all such hazards.

Accordingly, for the reasons set forth above, the Committee finds that it must uphold the denial and deny your appeal. Should Honeywell submit additional information with regard to this claim, we will revisit this determination, but all information submitted to date supports the original denial.[15]

## B.  Procedural Background

Plaintiff filed this action on October 5, 2022, under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), seeking BTA insurance

---

[15]Id. at 426–27.

benefits, pre- and post-judgment interest, attorneys' fees, and costs.[16]   Plaintiff alleges that Defendant abused its discretion by arbitrarily and capriciously denying her claim for BTA insurance benefits under the Plan, that she timely appealed Defendant's denial of benefits, that an unauthorized third-party law firm decided her administrative appeal, and that the appeal decision was untimely because it was not issued within 60 days as required by applicable ERISA regulation, 29 C.F.R. § 2560.503-1(i)(1)(i).[17]

On January 17, 2023, the parties filed a Joint Motion to Enter Proposed Rule 16 Scheduling Order for ERISA Benefits Case to be Determined on Administrative Record (Docket Entry No. 9), in which the parties agreed that "[t]he merits of this case will be determined in usual ERISA fashion based [on] the [AR] and cross-dispositive motions.  The relevant evidence will be limited to the [AR], relevant ERISA documents, as well as any authorized . . . exceptions to that limitation, as determined by the Court."

On January 18, 2023, the court entered a Rule 16 Scheduling Order for ERISA Benefits Case to Be Determined on Administrative Record (Docket Entry No. 10), which directed the parties to file the pending dispositive motions by April 7, 2023.  On February 15, 2023, the parties jointly filed the AR.

---

[16]Complaint, Docket Entry No. 1, p. 4.

[17]Id. at 4, and Plaintiff's Opposition to National's Motion for Summary Judgment ("Plaintiff's Opposition to Defendant's MSJ"), Docket Entry No. 15, p. 12.

## II. **Applicable Law**

The Supreme Court directs courts to conduct de novo review
when adjudicating ERISA benefit disputes unless the plan documents
give "the administrator or fiduciary discretionary authority to
determine eligibility for benefits or to construe the terms of the
plan." Firestone Tire and Rubber Co. v. Bruch, 109 S. Ct. 948,
956-57 (1989). De novo review requires the court to apply the same
standard as the plan administrator in deciding whether the benefits
were owed under the plan's terms. See Connecticut General Life
Insurance Co. v. Humble Surgical Hospital, L.L.C., 878 F.3d 478,
483 (5th Cir. 2017), cert. denied, 138 S. Ct. 2000 (2018) (citing
Holland v. International Paper Company Retirement Plan, 576 F.3d
240, 246 (5th Cir. 2009)). "A claimant under section 1132(a)(1)(B)
has the initial burden of demonstrating entitlement to benefits
under an ERISA plan, or that denial of benefits under an ERISA plan
is arbitrary and capricious." Perdue v. Burger King Corp., 7 F.3d
1251, 1254 n. 9 (5th Cir. 1993). Moreover, the administrator "is
not under a duty to 'reasonably investigate' a claim because it
would be 'not only inappropriate but inefficient to require the
administrator to obtain [] information [in the claimant's control]
in the absence of the claimant's active cooperation." Gooden v.
Provident Life & Accident Insurance Co., 250 F.3d 329, 333 (5th
Cir. 2001) (quoting Vega v. National Life Insurance Services, Inc.,
188 F.3d 287, 298 (5th Cir. 1999) (en banc), overruled on other

grounds by Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2343 (2008)). "Once the record is finalized, a district court must remain within its bounds in conducting a review of the administrator's findings, even in the face of disputed facts." Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246, 256 (5th Cir. 2018) (en banc) (citing Vega, 188 F.3d at 299). Departure from this rule is appropriate "only in very limited circumstances." Id.

> One exception allows a district court to admit evidence to explain how the administrator has interpreted the plan's terms in previous instances. . . Another allows a district court to admit evidence, including expert opinions, to assist in the understanding of medical terminology related to a benefits claim.

Id. (internal citations omitted). In neither case does the court expand the evidence to evaluate the merits but, instead, "to help the court evaluate the administrative record." Id.

Where the plan administrator has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, courts must base their review of both the legal and factual findings of the administrator's decision under an abuse of discretion standard. See Anderson v. Cytec Industries, Inc., 619 F.3d 505, 512 (5th Cir. 2010) (per curiam) (citing Firestone, 109 S. Ct. at 956-57). In the context of ERISA, the abuse of discretion standard of review "is the functional equivalent of arbitrary and capricious review." Id. "A decision is arbitrary if it is 'made without a rational connection between the known facts

8

and the decision.'" Id. (quoting Meditrust Financial Services Corp. v. Sterling chemicals, Inc., 168 F.3d 211, 215 (5th Cir. 1999)). "In addition to not being arbitrary and capricious, the plan administrator's decision to deny benefits must be supported by substantial evidence." Id. (citing Ellis v. Liberty Life Assurance Company of Boston, 394 F.3d 262, 273 (5th Cir. 2004), cert. denied, 125 S. Ct. 2941 (2005)). "Substantial evidence is more than a scintillla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Corry v. Liberty Life Assurance Company of Boston, 499 F.3d 389, 398 (5th Cir. 2007)). Review of this question is limited to the record that was before the administrator when the final claim decisions were made. See Ariana M., 884 F.3d at 256 (citing Vega, 188 F.3d at 299). Under the abuse of discretion standard, a court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision falls somewhere on a continuum of reasonableness — even if on the low end." Anderson, 619 F.3d at 512. "If the plan fiduciary's decision "is supported by substantial evidence and is not arbitrary or capricious, it must prevail." Schexnayder v. Hartford Life and Accident Insurance Co., 600 F.3d 465, 468 (5th Cir. 2010) (quoting Ellis, 394 F.3d at 273).

The Supreme Court has held that courts must take into consideration the conflict of interest inherent in a benefits system in which the entity that pays the benefits — here, National — maintains discretionary control over the ultimate benefits decision. See Glenn, 128 S. Ct. at 2348 (citing Firestone, 109 S. Ct. at 957).  In Holland the Fifth Circuit explained that the Supreme Court's decision in Glenn "directly repudiated the application of any form of heightened standard of review to claims denials in which a conflict of interest is present." 576 F.3d at 247 n. 3.  Instead, courts are to weigh the structural conflict as one of the many factors relevant to the benefits determination decision.  Glenn, 128 S. Ct. at 2351 ("[C]onflicts are but one factor among many that a reviewing judge must take into account."). Plaintiff has not cited any evidence that National's conflict of interest influenced its benefits decision.  Moreover, like the defendant in Anderson, National employed a third-party benefits administrator to review Plaintiff's claim.  Accordingly, the court concludes that conflict of interest is a factor to be given little or no weight.  See Holland, 576 F.3d at 249, and Anderson, 619 F.3d at 512.  See also Wittmann v. Unum Life Insurance Company of America, No. 17-9501, 2019 WL 763509, at *11 (E.D. La. February 21, 2019), aff'd 793 F. App'x 281 (5th Cir. 2019) ("When a claimant . . . does not come forward with any evidence that the conflict of interest influenced the . . . benefits decision, the court gives this factor little or no weight.").

### III.  **Analysis**

The parties have filed cross motions for judgment based on the AR.  National seeks summary judgment under Federal Rule of Civil Procedure 56 arguing that the court should apply the abuse of discretion standard of review when evaluating whether it wrongfully denied BTA insurance benefits because the Plan includes a valid delegation clause that is not prohibited by applicable state law.[18] Alternatively, National argues that it is entitled to judgment as a matter of law under the de novo standard of review because the AR supports its decision to deny Plaintiff's application for BTA insurance benefits.[19]  Plaintiff seeks judgment under Federal Rule of Civil Procedure 52 arguing that the applicable standard of review is de novo because an unauthorized third-party law firm decided her administrative appeal and the appeal decision was untimely under the governing regulation, 29 C.F.R. § 2560.503-1(i)(1)(i).[20]

---

[18]Defendant's MSJ, Docket Entry No. 12, pp. 12-13 ¶ 14.

[19]Id. at 22-23 ¶¶ 32-33.

[20]Plaintiff's Motion for Judgment, Docket Entry No. 13, pp. 15-21.  Although Plaintiff's Motion for Judgment also argues that de novo review applies for two additional reasons, i.e., because "the Policy does not vest [National] with discretion," and because "the law of Texas, where the accident happened and where Plaintiff now resides, prohibits discretionary clauses under section 1701.062 of the Texas Insurance Code," see Docket Entry No. 13, pp. 15-16, neither of these arguments are addressed in Plaintiff's Opposition to Defendant's MSJ where "Plaintiff concedes National's argument that under the SPD [(Summary Plan
(continued...)

11

The Fifth Circuit recently acknowledged that "there is an open question whether it is appropriate to resolve ERISA claims subject to de novo review on summary judgment, or whether the district court should conduct a bench trial." Katherine P. v. Humana Health Plan, Inc., 959 F.3d 206, 208 (5th Cir. 2020). In Katherine P., the court instructed that it is not proper for the District Court to enter summary judgment under Rule 56 in an ERISA case subject to de novo review if the administrative record presents a genuine issue of material fact. Id. See also Koch v. Metropolitan Life Insurance Co., 425 F. Supp. 3d 741, 746-47 (N.D. Tex. 2019)(surveying authorities and concluding that summary judgment is not proper where the Court must conduct an independent review of the administrative record). After carefully reviewing all of the parties' submissions and the AR, the court concludes that the applicable standard of review is abuse of discretion, and that National is entitled to summary judgment because its denial of Plaintiff's application for BTA insurance benefits was not arbitrary and capricious and is supported by substantial evidence in the AR.

---

[20](...continued)
Description)] and Policy, either New Jersey or Delaware law applies, and that neither New Jersey nor Delaware law prohibits discretionary clauses." Docket Entry No. 15, p. 8. Moreover, in Plaintiff's Reply to Defendant National Union Fire Insurance Company of Pittsburgh, PA.'s Response in Opposition to Plaintiff's Motion for Judgment Under Rule 52 ("Plaintiff's Reply in Support of Motion for Judgment"), "Plaintiff concedes that the Plan vests National with discretion, but not AIG or the law firm." Docket Entry No. 17, p. 6.

### A.    Applicable Standard of Review is Abuse of Discretion

Citing language from the SPD, National argues that the Plan includes a valid delegation clause that is not prohibited by applicable state law and, therefore, that the applicable standard of review is abuse of discretion.[21]    Plaintiff concedes that the Plan vests National with discretion,[22] but argues that the applicable standard of review is de novo because National failed to comply with ERISA claims procedures.[23]

ERISA requires every governed employee benefit plan to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial," and to "afford a reasonable opportunity" for a "full and fair review by the appropriate named fiduciary of the [denial]."  29 U.S.C. § 1133.  "The ERISA regulations promulgated by the Department of Labor 'provide insight into what constitutes full and fair review.'"  Shedrick v. Marriott International, Inc., 500 F. App'x 331, 338 (5th Cir. 2012) (per curiam) (quoting Lafleur v. Louisiana Health Service and Indemnity Co., 563 F.3d 148, 154 (5th Cir. 2009)).

---

[21]Defendant's MSJ, Docket Entry No. 12, pp. 13-14 ¶ 15 (citing AR, Docket Entry No. 11, p. 465).

[22]Plaintiff's Opposition to Defendant's MSJ, Docket Entry No. 15, p. 8, and Plaintiff's Reply in Support of Motion for Judgment, Docket Entry No. 17, p. 6.

[23]Plaintiff's Opposition to Defendant's MSJ, Docket Entry No. 15, pp. 8-20.

Plaintiff argues that the applicable standard of review for the court is <u>de novo</u> because National violated ERISA regulations in two ways.  First Plaintiff argues that "[t]he unauthorized double delegation . . . from National to AIG, then from AIG to the Wagner Law Group which decided [her] appeal, violated the delegation provisions of the Plan's own governing documents, thus violating 29 C.F.R. § 2560.503-1(b)(5)."[24]  Section 2560.503-1(b) states that "[e]very employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations."  29 C.F.R. § 2560.503-1(b). Reasonable claims procedures contain "administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."  29 C.F.R. § 2560.503-1(b)(5).  Second, Plaintiff argues that National's November 1, 2022, denial was untimely because she appealed on April 15, 2022, and under 29 C.F.R. § 2560.503-1(i)(1)(i) the decision on appeal was due 60 days later on June 15, 2022.[25]  Plaintiff also argues that National engaged in a number of acts that evidence disregard for the underlying purpose of ERISA.  These acts include redacting pages from the administrative

---

[24]<u>Id.</u> at 16.

[25]<u>Id.</u> at 12 and 19-20.

14

file in an effort to conceal that her appeal was decided by the Wagner Law Group, failing to share her appeal evidence with Honeywell, and replying to inquiries about the status of her appeal made on June 27, 2022, and again on August 8, 2022, that the ERISA Appeals Committee was in the process of conducting a comprehensive review and gathering evidence, when in truth on those dates, neither National nor AIG had even determined who would serve as the ERISA Appeals Committee.[26]   In addition, Plaintiff argues that National disregarded the detailed evidence she submitted in her appeal that she argues shows that her husband died while in Texas performing his Honeywell work assignment.[27]

Relying primarily on Fessenden v. Reliance Standard Life Insurance Co., 927 F.3d 998, 999-1000 (7th Cir. 2019), Plaintiff argues that the applicable standard of review is de novo because

> National's (or AIG's or the law firm's) careless handling was capped with an appeal decision that came months after the regulatory deadline, a month after Plaintiff filed suit, followed by an intentionally incomplete claim file production in attempt to conceal that the unauthorized law firm decided Plaintiff's appeal.  From beginning to end, they acted in complete disregard of the Plan's purpose and provisions, as well as ERISA's purpose and governing regulations.  The Court should review their denial de novo . . .[28]

---

[26]Id. at 16-19.  See also id. at 10 (citing AR, Docket Entry No. 11, pp. 406-407, showing that on August 24, 2022, National's Assistant General Counsel, Joseph Burruano, announced that the Wagner Law Group would serve as the ERISA Appeals Committee).

[27]Id. at 17-18.

[28]Id. at 19-20.

In <u>Fessenden</u> the Seventh Circuit held that when an administrator fails to issue a decision in an internal appeal of a benefits denial within the timeline mandated by the regulations, a de novo standard of review applies notwithstanding a grant of discretion to the administrator in the ERISA plan.  927 F.3d at 999-1000.  But the holding in <u>Fessenden</u> neither binds this court nor reflects the law applicable in this circuit.

The ERISA regulations Plaintiff cites in support of her argument that the applicable standard of review is de novo neither mention the standard of review nor convert the standard of review from abuse of discretion to de novo based on failure to strictly adhere to ERISA procedures.  To the contrary, the ERISA regulation on which Plaintiff relies states that

> in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act [29 U.S.C. § 1132(a)] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).

In this circuit "[c]hallenges to ERISA procedures are evaluated under the substantial compliance standard." <u>Cooper v. Hewlett Packard Co.</u>, 592 F.3d 645, 652 (5th Cir. 2009) (citing <u>Lacy v. Fulbright & Jaworski</u>, 405 F.3d 254, 257 (5th Cir. 2005) (per curiam).

16

This means that the "technical noncompliance with ERISA procedures will be excused so long as the purpose of section 1133 has been fulfilled." Robinson v. Aetna Life Insurance, 443 F.3d 389, 393 (5th Cir. 2006).   The purpose of section 1133 is "to afford the beneficiary an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial." Schneider v. Sentry Long Term Disability, 422 F.3d 621, 627-28 (7th Cir. 2005).

Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan, 493 F.3d 533, 539 (5th Cir. 2007), abrogated on other grounds by Hardt v. Reliance Standard Life Insurance Co., 130 S. Ct. 2149 (2010).   Plaintiff neither argues nor cites any evidence showing that National's use of the Wagner Law Group as the ERISA Appeals Committee or the belated denial of her appeal deprived her of an explanation for the denial of her application for BTA benefits or an opportunity for a full and fair review of that denial.

Plaintiff argues that her administrative appeal was improperly decided by an unauthorized law firm in violation of 29 C.F.R. § 2560.503-1(b)(5), but acknowledges that the letter denying her appeal states that it was sent on behalf of National.[29]   Plaintiff has cited no authority that bars ERISA plan fiduciaries like National from employing third-parties to perform ministerial tasks. To the contrary, ERISA fiduciaries regularly rely on third-parties to perform ministerial tasks such as claim review.   See Humana Health Plan, Inc. v. Nguyen, 785 F.3d 1023, 1026-28 (5th Cir. 2015)

_____

[29]Id. at 9.   See also AR, Docket Entry No. 11, pp. 426-27 ("[t]his correspondence is sent by AIG Claims, Inc., as authorized claims administrator for National").

(describing the distinction between ERISA fiduciaries and ministerial agents).  Plaintiff argues that her administrative appeal was untimely decided in violation of 29 C.F.R. § 2560.503-1(i)(1)(i), but fails to argue that the late denial harmed her. Moreover, on October 5, 2022 — almost a month before her appeal was denied on November 1, 2022 — Plaintiff took advantage of the remedy for failure to comply with ERISA procedures provided by 29 C.F.R. § 2560.503-1(l) by filing this action based on the assertion that "**NATIONAL UNION** failed to timely issue and deliver a decision on Plaintiff's appeal as required by applicable ERISA claim regulations, entitling Plaintiff to file this suit."[30]

Despite Plaintiff's contention that National disregarded evidence that she submitted in support of her appeal, the denial letter that she received states that the decision was made "[a]fter a careful review of the claim, the appeal letter and supporting documents submitted by Ms. Krishna, and the information provided by Honeywell. . ."[31]  The denial letter also states that

> [w]e have reviewed the information contained in your appeal submission and find that it does not support a reversal of the original denial.  As noted above, Honeywell has confirmed that [the Decedent] was not on a business trip for Honeywell at the time of the accident and the claim file reflects that he was not traveling on an aircraft owned, leased or operated by Honeywell.[32]

---

[30]Complaint, Docket Entry No. 1, p. 4.

[31]AR, Docket Entry No. 11, p. 426.

[32]Id. at 427.

While a plan administrator is required to consider all of the evidence submitted in support of an appeal and to state the specific reasons for a denial, Plaintiff has not cited any authority holding that the plan administrator is required to answer and rebut each piece of evidence that a claimant offers.  Other than National's failure to rebut specifically Plaintiff's evidence, Plaintiff points to no fact that would permit the court to find that National refused to consider her evidence.  Moreover, the denial letter holds open the possibility for reconsideration upon submission of additional information.[33]  The undisputed evidence shows that this is a case of substantial (although not perfect) compliance with ERISA procedures.  See Romo v. Waste Connections US, Inc., No. 3:18-cv-0570-D, 2019 WL 3769108, at * 4 (N.D. Tex. August 9, 2019) (citing Kent v. United of Omaha Life Insurance Co., 96 F.3d 803, 807 (6th Cir. 1996) (holding that plan administrator substantially complied with ERISA's procedural requirements even though "the first [denial] letter did not meet the requirements of the statute and the regulation, and the second letter was untimely")), aff'd, 832 F. App'x 861 (5th Cir. 2020).

Even if National's actions amounted to a lack of substantial compliance with ERISA's procedural requirements, the Fifth Circuit has held that "the appropriate remedy" is not modification of the

---

[33]Id. (stating that "[s]hould Honeywell submit additional information with regard to this claim, we will revisit this determination, but all information submitted to date supports the original denial").

court's standard of review but, instead, "[r]emand to the plan administrator for a full and fair review." Rossi v. Precision Drilling Oilfield Services Corp. Employee Benefits Plan, 704 F.3d 362, 368 (5th Cir. 2013) (quoting Lafleur, 563 F.3d at 157 (citing authorities). The Fifth Circuit has long

> rejected arguments to alter the standard of review based on procedural irregularities in ERISA benefit determinations, such as delays in making a determination. . . Absent potential wholesale or flagrant violations that evidence an utter disregard of the underlying purpose of the plan, the court does not heighten the standard of review from abuse of discretion.

Atkins v. Bert Bell/Pete Rozelle NFL Player Retirement Plan, 694 F.3d 557, 567 (5th Cir. 2012), cert. denied, 133 S. Ct. 1255 (2013) (citing Southern Farm Bureau Life Insurance Co. v. Moore, 993 F.2d 98, 101 (5th Cir. 1993), and Lefleur, 563 F.3d at 159). In Lefleur the Fifth Circuit refused to modify the standard of review "based on the administrator's failure to substantially comply with the procedural requirements of ERISA," 563 F.3d at 159, and more recently in Burell v. Prudential Insurance Company of America, 820 F.3d 132, 138 (5th Cir. 2016), the Fifth Circuit expressly declined to answer the question whether flagrant procedural violations of ERISA can alter the standard of review. See also Wade, 493 F.3d at 538 ("Wade has cited no direct authority by the Supreme Court or the Fifth Circuit dictating a change in the standard of review based upon procedural irregularities alone, and we see no reason to impose one.").

Because the Plan vests National with discretionary authority to determine eligibility for benefits, because the letter of decision for Plaintiff's administrative appeal states that it was sent on behalf of National,[34] and because neither hiring of a third-party law firm to act as the ERISA Appeal Committee nor a delay in issuing a decision on Plaintiff's appeal rises to the level of showing potential wholesale or flagrant violations that evidence an utter disregard of the underlying purpose of the plan that might require a heightened standard of review, the court concludes that the applicable standard of review is abuse of discretion. See Ariana M., 884 F.3d at 247 (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, (1989)). See also Nichols v. Reliance Standard Life Insurance Co., 924 F.3d 802, 808 n. 4 (5th Cir.), cert. denied, 140 S. Ct. 186 (2019) ("We review a denial de novo only '[f]or plans that do not have valid delegation clauses.'").

## B.   Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment because

---

[34]Id. at 160 and 163 (initial decision letter stating that "[t]his correspondence is sent by AIG Claims, Inc., as authorized claims administrator for National"); and id. at 426 and 427 (appeals decision letter stating that "[o]n behalf of National Union Fire Insurance Company of Pittsburgh, PA," and "[t]his correspondence is sent by AIG Claims, Inc., as authorized claims administrator for National").

> Decedent's employer confirmed multiple times that at the
> time of his death: (1) Decedent was <u>not</u> on a business
> trip; (2) all non-essential travel had been stopped; and
> (3) Decedent had <u>no</u> approved business travel in 2020.  As
> a result [National] denied the BTA benefits.   Because
> [National] relied on information provided by Decedent's
> employer, it did not abuse its discretion in denying
> coverage and its decision was legally correct.[35]

Asserting that "[t]he Policy also includes a general exclusion for
losses resulting from 'travel or flight in or on . . . any vehicle
used for aerial navigation,'"[36] Defendant argues that is an
additional reason for denying Plaintiff's claim for benefits.[37]
Asserting that the evidence favors her, Plaintiff responds that
Defendant is not entitled to summary judgment because the
Decedent's work assignment included travel to Texas as needed and
his role and authority included making his own decisions about how
to carry out his assignment, and because the appeal denial letter
demonstrates disregard of Plaintiff's appeal facts and documents,
and wholesale adoption of the initial denial's factual finding that
Decedent was not on a Honeywell business trip.[38]


1.   <u>Standard of Review</u>

Summary judgment is authorized if the movant establishes that
there is no genuine dispute about any material fact and the movant

---

[35]Defendant's MSJ, Docket Entry No. 12, p. 7 ¶ 2.

[36]<u>Id.</u> at 8 ¶ 6.

[37]<u>Id.</u>

[38]Plaintiff's Opposition to Defendant's MSJ, Docket Entry
No. 15, pp. 20-24.

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).
Rule 56 authorizes a court to grant "partial summary judgment" to
dispose of less than the entire case and even just portions of a
claim or defense. See Fed. R. Civ. P. Advisory Committee's Note,
2010 Amendments. Disputes about material facts are genuine if the
evidence is such that a reasonable jury could return a verdict for
the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct.
2505, 2511 (1986). "The party moving for summary judgment must
'demonstrate the absence of a genuine issue of material fact,' but
need not negate the elements of the nonmovant's case." Little v.
Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per
curiam) (quoting Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553
(1986)). "If the moving party fails to meet this initial burden,
the motion must be denied, regardless of the nonmovant's response."
Id. If, however, the moving party meets this burden, "the
nonmovant must go beyond the pleadings and designate specific facts
showing that there is a genuine issue for trial." Id. Factual
controversies are to be resolved in favor of the nonmovant, "but
only when there is an actual controversy, that is, when both
parties have submitted evidence of contradictory facts." Id. The
court will not, "in the absence of any proof, assume that the
nonnmoving party could or would prove the necessary facts." Id.
"[T]he court must draw all reasonable inferences in favor of the
nonmoving party, and it may not make credibility determinations or
weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc.,
120 S. Ct. 2097, 2110 (2000).

2.  <u>National Did Not Abuse Its Discretion in Denying
    Plaintiff's Application for BTA Benefits</u>

Defendant argues that it is entitled to summary judgment
because its interpretation of the Plan was legally correct, and it
had a reasonable basis for deciding that Decedent was not on a
business trip when he died.[39]  When reviewing interpretations of
policy language, courts in the Fifth Circuit generally apply a two-
step inquiry.  <u>See Encompass Office Solutions, Inc. v. Louisiana
Health Service & Indemnity Co.</u>, 919 F.3d 266, 282 (5th Cir.), <u>cert.
denied</u>, 140 S. Ct. 221 (2019).  The first step asks whether the
administrator's reading is "legally correct."  <u>Id.</u>  To determine
whether an ERISA plan interpretation is legally correct, courts
consider

> (1) whether the administrator has given the plan a
> uniform construction, (2) whether the interpretation is
> consistent with a fair reading of the plan, and (3) any
> unanticipated costs resulting from different
> interpretations of the plan.

<u>Gosselink v. American Telephone & Telegraph, Inc.</u>, 272 F.3d 722,
726 (5th Cir. 2001) (citing <u>Wildbur v. ARCO Chemical Co.</u>, 974 F.2d
631, 637-38 (5th Cir. 1992)).  If the interpretation of the plan is
legally correct, "the inquiry ends, and there was no abuse of
discretion."  <u>Encompass</u>, 919 F.3d at 282.  If the interpretation of
the plan is not legally correct, the court proceeds to the second
step, which uses several factors to determine whether the

---

[39]Defendant's MSJ, Docket Entry No. 12, pp. 16-22, ¶¶ 22-29.

administrator's legally incorrect interpretation of the plan's terms falls within the administrator's discretion.  Three factors are important in this analysis: "(1) the internal consistency of the plan under the administrator's interpretation, (2) any relevant regulations formulated by the appropriate administrative agencies, and (3) the factual background of the determination and any inferences of lack of good faith."  Id. (quoting Wildbur, 974 F.2d at 638).  Relying on both steps of the two-step inquiry, Plaintiff argues that National is not entitled to summary judgment because its interpretation of the Plan was not legally correct, and because National engaged in procedural unreasonableness to deny her a full and fair review of her claim.[40]   National replies that

> [t]he crux of Plaintiff's argument for entitlement to BTA benefits is that Decedent could travel "as needed" for work. (doc. 15 at 20-21).  The problem with Plaintiff's position is that it is (1) contradicted by Decedent's employer, Honeywell, and (2) the Policy language is clear that "as needed" travel is not sufficient.[41]

### (a)   National's Interpretation of the Plan is Legally Correct

The section of the Policy under which Plaintiff claims coverage is Hazard H-12, which provides 24-hour accident protection.  In pertinent part, Hazard H-12

---

[40]Plaintiff's Opposition to Defendant's MSJ, Docket Entry No. 15, pp. 24-29.

[41]Defendant's Reply in Support of MSJ, Docket Entry No. 16, p. 18 ¶ 23.

applies . . . to Injury sustained:

1.    While on the Business of the Policyholder.

. . .

While on the Business of the Policyholder — means while
on assignment by or at the direction of the Policyholder
for the purpose of furthering the business of the
Policyholder.[42]

The parties neither argue nor cite evidence showing that the
pertinent terms of the Plan have not been given a uniform
construction, or that unanticipated costs could result from
different interpretations of the plan.   At issue is whether
National's interpretation is consistent with a fair reading of the
Plan.    Plaintiff argues that "[t]he only possible Plan
interpretation [that National made] was in finding that 'on
assignment by' required pre-authorization, or specific instruction
from Honeywell to Decedent to travel to Texas when he did."[43]
Plaintiff argues "[t]hat [this interpretation] is not a fair
reading when his work assignment included travel to Texas as
needed, and his role and authority included making many of his own
decisions about how to accomplish his objectives there . . ."[44]
Citing Todd v. AIG Life Insurance Co., 47 F.3d 1448, 1451-52 (5th
Cir. 1995), Ramsey v. Colonial Life Insurance Company of America,

---

[42]AR, Docket Entry No. 11, p. 76.

[43]Plaintiff's Opposition to Defendant's MSJ, Docket Entry
No. 15, pp. 24-25.

[44]Id. at 25.

12 F.3d 472, 479 (5th Cir. 1994), and <u>Hansen v. Continental
Insurance Company,</u> 940 F.2d 971, 982 (5th Cir. 1991), Plaintiff
argues that

> [a] fair reading of the plan fully supports coverage
> under our facts, because the Plan's 'on assignment by'
> language is reasonably interpreted to encompass
> Decedent's trip to Texas. . . To the extent that the
> interpretation offered by Plaintiff supporting coverage
> and by [National] supporting exclusion are both
> reasonable, . . . the Plan on that point [would be]
> ambiguous, requiring construction favoring Plaintiff and
> coverage.[45]

National replies that the Policy language is clear that "as needed"
travel is not sufficient to provide entitlement to BTA benefits.[46]

Interpretation of ERISA-regulated plan provisions is governed
by federal common law.  <u>Green v. Life Insurance Company of North
America,</u> 754 F.3d 324, 331 (5th Cir. 2014).

> When construing ERISA plan provisions, courts are to give
> the language of an insurance contract its ordinary and
> generally accepted meaning if such a meaning exists. . .
> [Courts] interpret the contract language in an ordinary
> and popular sense as would a person of average
> intelligence and experience, such that the language is
> given its generally accepted meaning if there is one. .
> . Only if the plan terms remain ambiguous after applying
> ordinary principles of contract interpretation are
> [courts] compelled to apply the rule of <u>contra
> proferentum</u> and construe the terms strictly in favor of
> the insured.

<u>Id.</u> (internal quotes and citations omitted).  If the plan terms
remain ambiguous after applying ordinary principles of contract

---

[45]<u>Id.</u>

[46]Defendant's Reply in Support of MSJ, Docket Entry No. 16,
p. 18 ¶ 23.

interpretation, courts generally "apply the rule of <u>contra proferentem [sic]</u> and construe the terms strictly in favor of the insured." <u>Green,</u> 754 F.3d at 331.  However, where a plan grants the administrator discretionary authority to interpret plan terms, <u>contra proferentum</u> does not apply because discretionary authority empowers the administrator to resolve ambiguities.  <u>See</u> <u>Smith v. Life Insurance Company of North America,</u> 459 F. App'x 480, 484 (5th Cir. 2012)(per curiam) (citing <u>High v. E-Systems Inc.,</u> 459 F.3d 573, 579 (5th Cir. 2006)).  In such cases courts are only entitled to determine whether the plan administrator's interpretation was reasonable.  <u>Id.</u> (citing <u>High,</u> 459 F.3d at 579).

The court finds as a matter of law that there is no ambiguity concerning the language of the policy.  Crucial to the disposition of this case is the fact that the insurance policy at issue limits coverage by narrowly defining the requirement of "on the business of the Policyholder."  The BTA insurance policy states in relevant part that the term "while on the business of the Policyholder" means "while on assignment by or at the direction of the Policyholder for the purpose of furthering the business of the Policyholder."[47]  Since "while on the business of the Policyholder" is specifically defined and mandates that a covered person be "on assignment by or at the direction of the Policyholder," there can be no coverage unless that requirement is met.  Thus, absent

---

[47]AR, Docket Entry No. 11, p. 76.

evidence that the Decedent was "on assignment by or at the direction of" Honeywell when he died, Plaintiff's claim must fail as a matter of law.

Without disputing that the Decedent was not in Texas at the direction of the Policyholder, Plaintiff argues that the term "on assignment by" supports coverage under the undisputed facts because Decedent's assignment from Honeywell included Travel to Texas as needed and provided him authority to make many of his own decisions about how to accomplish his objectives there. But missing from the AR is any evidence that Decedent's authority included the ability to decide when travel to Texas was needed without either notifying or obtaining approval from Honeywell. The facts of this case differ from those at issue in <u>Duffer v. American Home Assurance Company,</u> 512 F.2d 793, 795–96 & n. 2 (5th Cir. 1975), where the Fifth Circuit considered coverage under an insurance policy with identical language and held that evidence the decedent "had the authority as controller for the Policyholder to make decisions regarding his trips, assignments and actions for the purpose of furthering the business of the Policyholder" was sufficient to support the district court's finding that the decedent "at the time of his death was on assignment by or at the direction of the Policyholder." While Plaintiff cites evidence showing that her husband was in Texas working on Honeywell's business, she has failed to cite evidence showing that her husband was in Texas "on assignment by or at the direction of" Honeywell.

29

Moreover, Plaintiff does not argue and the court does not find that National's interpretation of the term "on assignment by" to require Honeywell's knowledge and approval to be unreasonable.  The term "on assignment by or at the direction of [the employer]" has been interpreted to require employer knowledge and approval.  <u>See</u> 10 Crouch on Insurance § 143:12 ("a requirement for the employer's approval may be imposed by the terms of the policy, such as by defining the 'business of the Policyholder' to mean 'while on assignment by or at direction of the Policyholder for the purpose of furthering the business of the Policyholder'").  <u>See also</u> <u>Kissel v. Bankers Life and Casualty Company,</u> 650 F.2d 112 (6th Cir. 1981)(per curiam) (holding that decedent was not on assignment by or with the consent of his employer while at a bar even though he was discussing company business with a person with whom he had transacted company business); and <u>McGrath v. Home Insurance Company,</u> 813 F. Supp. 276, 282 (D. Del. 1993) (holding that decedent killed while participating in a bikeathon on a team sponsored by his employer was not on assignment by or at the direction of his employer).

Plaintiff argues that "the Plan's 'on assignment by' language is reasonably interpreted to encompass Decedent's trip to Texas," and that "[t]o the extent that the interpretation offered by Plaintiff supporting coverage, and by [National] supporting exclusion are both reasonable, . . . the Plan on that point [would

be] ambiguous, requiring construction favoring Plaintiff and coverage."[48]  But the authorities that Plaintiff cites in support of this argument are inapposite.  Two of the cases that Plaintiff cites are inapposite because the courts applied the de novo — not the abuse of discretion — standard of review.  See Todd, 47 F.3d at 1451 (applying de novo standard of review because the policy at issue did not provide a grant of discretionary authority); and Ramsey, 12 F.3d at 478 ("There has been no allegation that Colonial Life exercised its discretionary authority in denying Ramsey's benefits.  We are therefore required to invoke a de novo evaluation of Colonial Life's decision to terminate Ramsey's coverage").  The third case Plaintiff cites is inapposite because the cited text merely stands for the principle that ambiguities in plan language are resolved against the drafter.  See Hansen, 940 F.2d at 982.  At issue there were conflicts between the Plan and the SPD; conflicts that are not at issue in this case.  Id.  Because for the reasons stated above in § III.A the court has concluded that the abuse of discretion standard of review applies in this case, ambiguities need not be resolved against the drafter, and the court is only entitled to determine whether the plan administrator's interpretation was reasonable.  See Smith, 459 F. App'x at 484 (citing High, 459 F.3d at 578-79).  Because Plaintiff does not

---

[48]Plaintiff's Opposition to Defendant's MSJ, Docket Entry No. 15, p. 25.

argue and the court does not find that National's interpretation of "on assignment by" to require Honeywell's knowledge and approval is unreasonable, the court concludes that National's interpretation of the policy is legally correct and not an abuse of discretion.[49]

(b)   Substantial Evidence Supports National's Denial of Plaintiff's Claim for BTA Insurance Benefits

A plan administrator's decision to deny benefits must be based on substantial evidence. <u>Ellis,</u> 394 F.3d at 273.   A plan administrator abuses its discretion when "the decision is not based on evidence, even if it is disputable, that clearly supports the basis for its denial." <u>McCorkle v. Metropolitan Life Insurance Co.,</u> 757 F.3d 452, 457 (5th Cir. 2014) (quoting <u>Holland,</u> 576 F.3d at 247).   "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Anderson,</u> 619 F.3d at 512 (citing <u>Corry,</u> 479 F.3d at 398).   The court need only determine whether the decision falls "somewhere on a continuum of reasonableness — even if on the low end," and may not "substitute its own judgment for that of the plan administrator." <u>McCorkle,</u> 757 F.3d at 457-58.   In other words, a plan administrator's determination will only be overturned if it bears no "rational

---

[49]Because the court does not find the Plan language at issue ambiguous, the court would reach the same conclusion if the standard of review were de novo.

connection between the known kn facts and the decision." <u>Id.</u>
(quoting <u>Holland,</u> 576 F.3d at 246). To successfully appeal a plan
administrator's denial of a claim, a plaintiff must do more than
show that substantial evidence supports her claim; she must
demonstrate that the plan administrator's decision was not
supported by substantial evidence. <u>Ellis</u>, 394 F.3d at 273.
Moreover, "when faced with two competing . . . views, a plan
administrator may exercise discretion and choose one of them."
<u>Rittinger v. Healthy Alliance Life Insurance Co.</u>, 914 F.3d 952, 959
(5th Cir. 2019) (per curiam).

Plaintiff does not dispute that National's denial of her claim
for BTA benefits is supported by substantial evidence. Instead,
citing <u>Schexnayder,</u> 600 F.3d at 469, and <u>White v. Life Insurance
Company of North America,</u> 892 F.3d 762 (5th Cir. 2018), Plaintiff
urges the court to find that National abused its discretion based
on procedural unreasonableness.[50] In <u>Schexnayder</u> the Fifth Circuit
held that the failure to address a contrary Social Security
Administration award was procedurally unreasonable and constituted
an abuse of discretion. 600 F.3d at 471 ("[P]rocedural
unreasonableness is important in its own right and also justifies
the court in giving more weight to the conflict.") (internal
quotation marks and citation omitted). In <u>White</u> the Fifth Circuit
found that procedural unreasonableness justified a finding that a

---

[50]<u>Id.</u> at 26-29.

33

conflicted plan administrator abused its discretion by completely
ignoring a doctor's report that contradicted the plan
administrator's basis for denial.  892 F.3d at 767-69.

Plaintiff argues that the procedural unreasonableness
evidenced by the regulatory violations discussed above in § III.A

> were far worse than ignoring a Social Security finding as
> in Schexnayder, supporting a finding, in their own right,
> of abuse of discretion even if the decision **were** based
> upon substantial evidence. The procedural
> unreasonableness found in this record also demonstrates
> conflict of interest bearing upon the decision-making
> under Glenn and its progeny, and favors giving more
> weight to the financial conflict factor. See Glenn, 128
> S. Ct. at 2352.[51]

Asserting that in Glenn the Supreme Court stated that a claimant
may demonstrate conflict of interest by showing that the
administrator "emphasized a certain medical report that favored a
denial of benefits [and] deemphasized certain other reports that
suggested a contrary conclusion,"[52] Plaintiff argues that

> [t]he same was done here, not with medical records, but
> with one-sided emphasis of Honeywell's misinformation
> being credited despite Plaintiff's detailed evidence to
> the contrary, never presented to Honeywell or even
> discussed in the appeal denial other than to say it was
> "considered."[53]

The court is not persuaded that's Plaintiff's citation to
either Schexnayder or White supports a finding that National's

---

[51]Id. at 28.

[52]Id.

[53]Id.

denial of her claim for BTA insurance benefits was an abuse of discretion. Plaintiff's argument that National engaged in procedural unreasonableness by crediting Honeywell's information and by failing either to present the evidence that she submitted in support of her appeal to Honeywell or to discuss that evidence in the appeal decision fails to recognize that plan administrators have no duty to investigate. The Fifth Circuit's unanimous en banc decision in Vega, 188 F.3d at 287, forecloses imposing a duty to investigate on a plan administrator.

In Vega the panel decision imposed a "duty to conduct a good faith, reasonable investigation" on a plan administrator that had a conflict of interest. Id. at 289. The en banc court overturned the panel decision, holding that, "when confronted with a denial of benefits by a conflicted administrator, the district court may not impose a duty to reasonably investigate on the administrator." Id. at 299. Instead, courts focus on whether the record adequately supports the administrator's decision. In many cases this approach will reach the same result as one that focuses on whether the administrator has reasonably investigated the claim. The advantage to focusing on the adequacy of the record, however, is that it (1) prohibits courts from engaging in additional fact-finding and (2) encourages both parties properly to assemble the evidence that best supports their case at the administrator's level. Id. at 298. The Fifth Circuit has reiterated, in cases since Vega, the

35

principle "that a conflicted administrator is not under a duty to 'reasonably investigate' a claim." <u>Gooden,</u> 250 F.3d at 333 (finding that the district court erred by imposing a duty to investigate on the plan administrator). Accordingly, National did not violate its duty to investigate because no such duty exists. <u>Truitt v. Unum Life Insurance Company of America,</u> 729 F.3d 497, 510-11 (5th Cir. 2013), <u>cert. denied,</u> 134 S. Ct. 1761 (2014). For the same reasons that the court has already concluded above in § III.A that National substantially complied with ERISA procedures, the court concludes that Plaintiff has not shown that National's evaluation was so procedurally unreasonable that it warrants vacatur.

(c)  Conclusions

Based upon a complete review of the AR and the parties' arguments, the court finds that National's decision to deny BTA insurance benefits is based on a fair reading of the Plan and, therefore, legally correct, is supported by substantial evidence and, therefore, not arbitrary or capricious, and is not based on procedural unreasonableness that amounts to an abuse of discretion. Accordingly, Defendant's MSJ will be granted, Plaintiff's claim for benefits will be dismissed with prejudice, and Plaintiff's Rule 52 Motion for Judgment will be denied.

## IV.   <u>Conclusions and Order</u>

For the reasons stated in § III, above, Defendant National Union Fire Insurance Company of Pittsburgh, PA's Motion for Summary Judgment (Docket Entry No. 12), is **GRANTED**, and Plaintiff's Motion for Judgment Under Rule 52 (Docket Entry No. 13), is **DENIED**.

**SIGNED** at Houston, Texas, on this 8th day of June, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE